UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ISRAEL COLÓN,

        Plaintiff,

  v.                                     Case No. 18-C-794

TERRY KISER, et al.,

        Defendants.

**ORDER DISMISSING CASE**

On May 23, 2018, Plaintiff Israel Colón, an inmate at Fox Lake Correctional Institution who is proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated. At screening, Colón was allowed to proceed on Eighth Amendment claims against Terry Kiser, Jan Britt, Sherri Pulda, Robert Frank, and Beatrice Superville relating to treatment they provided for eczema on Colón's left pinky finger. On May 31, 2019, defendants Kiser, Britt, Pulda, and Frank filed a motion for summary judgment. The motion included copies of Civil L.R. 56, which requires a party opposing a motion for summary judgment to file response materials within thirty days of service of the motion, and Civil L.R. 7, which informs parties that failing to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion. Dkt. No. 35-1. Colón did not respond to the motion.

On July 9, 2019, Magistrate Judge William E. Duffin filed a Report and Recommendation recommending that the motion be granted based on Colón's lack of response and his failure to diligently pursue his case. Colón was informed that he could file written objections to the recommendation within 14 days of service of the recommendation. To date, Colón has not filed

objections. Given Colón's failure to respond to the motion for summary judgment or to object to the Report and Recommendation, the court will adopt the Report and Recommendation and grant Britt, Frank, Kiser, and Pulda's motion for summary judgment.

Superville, the only remaining defendant, has yet to be served. The United States Marshals Service has twice attempted to serve Superville, once in New York and once in Nebraska, but neither attempt was successful. *See* Dkt. Nos. 21, 38. The next step would be to direct a third service attempt. That step need not be taken, however, because a reexamination of the allegations in Colón's complaint reveals that he fails to state a claim against Superville.

Colón alleges that he saw Superville on May 8, 2018, and asked that she conduct a "patch test." Am. Compl., Dkt. No. 10, at 4. Superville conducted the test and diagnosed Colón with dyshidrotic eczema, for which she prescribed betamethasone 1% valerate 15 grams, a corticosteroid used to treat the itching, redness, dryness, inflammation, and other discomfort caused by various skin conditions, including eczema. *Id.*; *Betamethasone Topical*, MEDLINEPLUS, https://medlineplus.gov/druginfo/meds/a682799.html (last revised Feb. 15, 2018). Colón again saw Superville on May 18, 2018. Colón noted that his finger had improved but that he still experienced cracking of the skin, painful irritation under his nail, and aching. Am. Compl., Dkt. No. 10, at 4. Superville prescribed a trial of clobetasol ointment and told Colón to bandage his finger at night. *Id.* Colón then filed a complaint in this court, dated May 20, 2018, which he later amended on September 26, 2018. Dkt. Nos. 1, 10.

While it is true that a prisoner's receipt of some treatment does not foreclose a deliberate indifference claim "if the treatment received was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition,'" *Arnett v. Webster*, 658 F.3d

2

742, 751 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005)), there are no allegations in the amended complaint, nor can it be reasonably inferred, that Superville's treatment was blatantly inadequate or that she intentionally mistreated Colón. Just the opposite: Colón alleges that Superville performed the patch test he requested, prescribed a medication that improved his condition, and then, ten days later, prescribed another medication to address the remaining symptoms. In the absence of allegations of Superville's intentional, subjective indifference to Colón's condition, Colón does not state an Eighth Amendment claim against Superville. *See Little v. Moon*, 769 F. App'x 388, 389 (7th Cir. 2019) ("The absence of a culpable state of mind regarding the inflicted injury is fatal to the complaint." (citing *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008))); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (recognizing that an Eighth Amendment violation requires a "sufficiently culpable state of mind" (citations omitted)); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (noting that although "deliberate indifference to a prisoner's serious illness or injury states a cause of action under s. 1983," that conclusion "does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment").

**IT IS THEREFORE ORDERED** that the court **ADOPTS** the Report and Recommendation (Dkt. No. 37), **GRANTS** Britt, Frank, Kiser, and Pulda's motion for summary judgment (Dkt. No. 24), and **DISMISSES** all claims against Beatrice Superville for failure to state a claim. The Clerk is instructed to enter judgment accordingly.

Dated this __1st__ day of August, 2019.

    s/ William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court

3